# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CANDICE DEE DAVIS-MASSEY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHERYL AMEEN, et al., <br><br> Defendants. | No. C16-4020-LTS <br><br> **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed August 22, 2016, in which the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge, recommends that I: (a) grant the motion to dismiss (Doc. No. 6) filed by defendants Cheryl Ameen, Suzanne Kofka and Charles Palmer, (b) grant the motion to dismiss (Doc. No. 8) filed by defendant Marchelle Denker, (c) grant the motion to dismiss (Doc. No. 9) filed by defendant Mary Jane Sokolovske and (d) grant the motion for summary judgment (Doc. No. 12) filed by defendants Dewey P. Sloan, Jaquelin Fox and Kristine Timmins. *See* Doc. No. 30. No party has filed objections to the R&R.

The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations

as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).


### III.   THE R&R

Judge Scoles noted that within their various motions, some or all of the defendants argue that this action must be dismissed based on (1) lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) absolute or qualified immunity, (3) failure to

state a claim upon which relief may be granted, (4) the applicable statute of limitations, (5) res judicata and (6) lack of supervisory liability. Doc. No. 30 at 11. He then described the standards for analyzing motions to dismiss brought pursuant to Rule 12(b)(1):

> Under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), a party may seek dismissal of an action for "lack of subject-matter jurisdiction." *Id.* When deciding a RULE 12(b)(1) motion, courts must first determine whether the motion is a "facial attack" or "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)); *see also Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (discussing RULE 12(b)(1) motions and *Osborn*). In a facial attack, courts must determine whether the "'plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'" *Branson Label, Inc.*, 793 F.3d at 914 (quotation omitted). Thus, a court restricts itself "'to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quotation omitted).
>
> In a factual attack, subject matter jurisdiction is challenged in fact, and "'no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977)). In evaluating the jurisdictional claims in a factual attack, courts "may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). The burden is on the plaintiff to show that jurisdiction does in fact exist. *Osborn*, 918 F.2d at 730.

Doc. No. 30 at 8-9. Judge Scoles found that by invoking the *Rooker-Feldman* doctrine, the defendants are presenting a facial attack on the court's subject matter jurisdiction. *Id.* at 9.

Next, Judge Scoles described the standards for addressing motions to dismiss brought pursuant to Rule 12(b)(6):

> FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) authorizes the dismissal of a claim if the plaintiff fails to state a claim upon which relief can be granted. In assessing a motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *In re Operation of Missouri River System Litigation*, 418 F.3d 915, 917 (8th Cir. 2005). In discussing RULE 12(b)(6) motions to dismiss, the Eighth Circuit Court of Appeals has stated that such motions:
>
>> '[do] not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007). The complaint must allege facts, which, taken as true, raise more than a speculative right to relief. *Id*. at 1965. Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997).
>
> *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008); *see also Missouri River System Litigation*, 418 F.3d at 917 (A court may "dismiss the case only when it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief."); *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) ("A motion to dismiss should be granted 'as a practical matter … only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief.' *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).").

Doc. No. 30 at 9-10.

Finally, Judge Scoles explained the standards for addressing motions for summary judgment brought pursuant to Rule 56:

> Summary judgment is appropriate if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to a material fact "'exists if a reasonable jury could return a verdict for the party opposing the motion.'" *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Humphries v. Pulaski County Special School District*, 580 F.3d 688, 692 (8th Cir. 2009)). A fact is a "material fact" when it "might affect the outcome of the suit under the governing law…." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to establish the existence of a genuine dispute as to a material fact, the non-moving party "'may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Instead, the non-moving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873); *see also Anderson*, 477 U.S. at 248 (A nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party."). "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Foundation of America, Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Doc. No. 30 at 10-11. I find that Judge Scoles correctly described the standards that apply to each type of motion.

After describing the various standards, Judge Scoles analyzed whether this court has jurisdiction to hear the case under the *Rooker-Feldman* doctrine. *Id.* at 12-14. He explained: "Under the *Rooker-Feldman* doctrine, 'with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to a state court judgment.'" *Id.* at 12 (citing *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (parenthetical quotations omitted)).

Judge Scoles determined that the plaintiffs are, in fact, complaining of injuries caused by a state court decision and concluded that this court does not have jurisdiction to hear such claims. *Id.* at 13-14. As such, Judge Scoles recommends dismissal of the complaint on this basis. *Id.* at 14.

Judge Scoles also addressed defendants' arguments concerning absolute and/or qualified immunity. He first noted that defendants Kofka and Ameen are being sued based on their roles in the investigation of a child abuse allegation and resulting initiation of a child-in-need-of-assistance (CINA) action regarding plaintiff ADH. *Id.* at 14-15. He found, based on established Eighth Circuit law, that Kofka and Ameen enjoy absolute immunity with regard to the initiation of the CINA proceedings. *Id.* at 15-16.

With regard to defendant Sokolovske, an Iowa District Court Judge who presided over various proceedings involving ADH, Judge Scoles stated:

> Absolute judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, All U.S. 511, 526 (1985)). "[J]udicial immunity is not overcome by allegations of bad faith or malice[.]" *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly[.]"). Judicial immunity is overcome in only two sets of circumstances: (1) A judge is not entitled to immunity for nonjudicial actions (actions taken out of the judge's judicial capacity); and (2) a judge is not entitled to immunity, even if his or her actions were judicial in nature, if the actions were taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from … liability."); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to absolute immunity if the acts complained of were "judicial acts" and were not taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355-57, 98 S. Ct. 1099, 1104-05, 55 L.Ed. 2d 331 (1978)."). In determining whether an act by a judge is "judicial," courts must consider "whether the judge was interacting with the complaining party in a judicial capacity." *Liles*, 804 F.2d at 495 (citation omitted).

Doc. No. 30 at 16-17. Judge Scoles found that neither exception applies here, meaning Judge Sokolovske is entitled to absolute judicial immunity. *Id.* at 17.

Next, Judge Scoles addressed Sloan's, Fox's and Timmins' argument that they are entitled to absolute prosecutorial immunity. He explained:

> Prosecutors enjoy absolute immunity from civil liability "when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327, F.3d 762, 768 (8th Cir. 2003)). "'Actions connected with initiation of prosecution, even if those actions are patently improper' are immunized." *Schenk*, 461 F.3d at 1046 (quoting *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987)); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) ("Immunity is not defeated by allegations of malice, vindictiveness, or self-interest."). However, absolute immunity is not available to prosecutors for administrative or investigative actions unrelated to the initiation of a prosecution. *Schenk*, 461 F.3d at 1046 (citation omitted). Thus, the issue of "'whether absolute or qualified immunity applies depends on whether the prosecutor's acts were prosecutorial, investigatory or administrative in nature.'" *Id.* (quotation omitted).

Doc. No. 30 at 18. Judge Scoles found that because Sloan, Fox and Timmins were acting in their official capacity and within their prosecutorial functions, they are entitled to absolute immunity. *Id.* at 18-19.

Judge Scoles then addressed qualified immunity, noting that while absolute immunity applies to Kofka's and Ameen's initiation of CINA proceedings, qualified immunity applies with regard to their investigatory activities. *Id.* at 20. He then stated:

> Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Howard v. Kansas City Police Department*, 570 F.3d 984, 987-88 (8th Cir. 2009) ("'Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly

established constitutional or statutory right of which a reasonable person would have known.' *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006).").

A two-part inquiry is employed to determine whether a government official is entitled to qualified immunity. *Serna v. Goodno*, 567 F.3d 944, 951 (8th Cir. 2009). The two-part inquiry requires the Court to determine:

> (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether the right was clearly established at the time of the defendant's alleged misconduct.

*Brown v. City of Golden Valley*, 574 F.3d 491,496 (8th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In determining whether a right is clearly established the "'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Serna*, 567 F.3d at 952 (quoting *Buckley v. Rogerson*, 133 F.3d 1125, 1128 (8th Cir. 1998)).

Doc. No. 30 at 19-20. Judge Scoles found that the facts underlying Kofka's and Ameen's investigation of alleged child abuse entitle them to qualified immunity.

Next, Judge Scoles addressed defendants' argument that the complaint does not state a claim for which relief may be granted. He explained:

> In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. (citation omitted).

Doc. No. 30 at 21. Judge Scoles found that the factual allegations set forth in the complaint do not "r[ise] to a right to relief above the speculative level[.]" *Id*. at 22. As such, he recommends that I dismiss the complaint for failure to state a claim upon which relief can be granted. *Id*.

Judge Scoles next addressed the applicable statute of limitations:

> "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (citing *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)). Section 1983 actions are not governed by a specific statute of limitations, *Wilson v. Garcia*, 471 U.S. 261, 266 (1985), and no federal statute of limitations governs such actions. *Board of Regents, Univ. of New York v. Tomanio*, 446 U.S. 478, 483 (1980). When no relevant federal statute of limitations exists, "the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975) (citations omitted). In § 1983 actions, the applicable statute of limitations is governed by the statute of limitations for personal injury action in the state where the claim arises. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (citation omitted). Here, the applicable statute of limitations is Iowa's two-year statute of limitations for personal injury. *See* Iowa Code section 614.1(2); *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985) (providing that § 1983 actions in Iowa are governed by a two-year statute of limitations).

Doc. No. 30 at 22-23. Judge Scoles noted that the claims against Kofka, Ameen, Palmer, Fox, Timmins and Sloan are based on events that are alleged to have occurred between August 2011 and January 2014. *Id*. at 23. He also noted that plaintiffs did not file this action until March 25, 2016. *Id*. Thus, he concluded that all claims against Kofka, Ameen, Palmer, Fox, Timmins and Sloan are barred by the applicable two-year statute of limitations. *Id*.

Judge Scoles also addressed the doctrine of res judicata. After explaining the applicable standards, he found that plaintiffs' claims in this case are "based on the same

nucleus of operative fact before the Iowa courts." *Id*. at 25. As such, he found that the complaint should be dismissed on grounds of res judicata. *Id*.

Finally, Judge Scoles considered whether plaintiffs have alleged facts that might state a claim against defendant Palmer, who serves as the Director of the Iowa Department of Human Services. *Id*. at 25-26. Judge Scoles found no evidence in the record suggesting that Palmer either (a) participated in any alleged constitutional violation or (b) failed to properly train or supervise his subordinates. *Id*. at 26. As such, Judge Scoles recommends the complaint be dismissed as against Palmer. *Id*.

## IV. DISCUSSION

Because neither party objected to the R&R, I have reviewed it for clear error. Based on that review, I find that Judge Scoles applied the correct legal standards and reached the correct conclusions. For all of the (many) reasons set forth in the R&R, I therefore find that this action must be dismissed.

I further note that most, if not all, of the claims asserted in this case are frivolous within the meaning of Federal Rule of Civil Procedure 11(b). While the defendants have not requested the imposition of sanctions pursuant to Rule 11(c), I caution plaintiffs that if they present frivolous claims to this court in the future, they will be ordered to appear in person and show cause as to why sanctions should not be imposed.

## V. CONCLUSION

For the reasons set forth herein, I hereby **accept** Chief United States Magistrate Judge Jon Stuart Scoles' August 22, 2016, report and recommendation (Doc. No. 30) without modification. See 28 U.S.C. § 636(b)(1). Pursuant to that report and recommendation:

1. The motion to dismiss (Doc. No. 6) filed by defendants Cheryl Ameen, Suzanne Kofka and Charles Palmer is **granted**.

2. The motion to dismiss (Doc. No. 8) filed by defendant Marchelle Denker is **granted**.

3. The motion to dismiss (Doc. No. 9) filed by defendant Mary Jane Sokolovske is **granted**.

4. The motion for summary judgment (Doc. No. 12) filed by defendants Dewey P. Sloan, Jaquelin Fox and Kristine Timmins is **granted**.

5. The complaint (Doc. No. 1) is hereby **dismissed with prejudice**.

**IT IS SO ORDERED.**

**DATED** this 26th day of September, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE