# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| CANDICE DEE DAVIS-MASSEY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHERYL AMEEN, et al., <br><br> Defendants. | No. C16-4020-LTS <br><br> **MEMORANDUM OPINION AND ORDER ON MOTION TO RECONSIDER** |

## I. INTRODUCTION

This case is before me on plaintiffs' motion (Doc. No. 33) for reconsideration of the memorandum opinion and order (Doc. No. 31) filed September 26, 2016, and the resulting judgment (Doc. No. 32) against them. Resistances have been filed by defendants Dewey P. Sloan, Jacklyn Fox and Kristine Timmins (Doc. No. 34), defendant Mary Jane Sokolovske (Doc. No. 35), defendants Suzanne Kofka, Cheryl Ameen and Charles Palmer (Doc. No. 37) and defendant Marchelle Denker (Doc. No. 38). The motion is fully submitted and ready for decision.[1]

## II. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their pro se complaint (Doc. No. 1) on March 25, 2016. All of the defendants responded by filing dispositive motions. Doc. Nos. 6, 8, 9 and 12. On July 11, 2016, after all deadlines for plaintiffs to resist those motions had expired, plaintiffs filed a motion requesting the appointment of counsel. Doc. No. 20. Chief United States Magistrate Judge Jon Stuart Scoles denied that motion but encouraged

---

[1] Plaintiffs have also filed a motion (Doc. No. 40) to compel and a motion (Doc. No. 42) to unseal. For the reasons that will be set forth herein, those motions will be denied as moot.

plaintiffs to seek pro bono assistance through Legal Aid or the Volunteer Lawyer Assistance Program. Doc. No. 22.

Two days after Judge Scoles denied plaintiffs' motion to appoint counsel, plaintiffs filed a motion (Doc. No. 23) "to allow time for change of counsel." Plaintiffs asked the court not to "make any rulings on motions filed by defendants counsel until the plaintiffs have had the opportunity to have hired counsel to respond accordingly." Doc. No. 23. Judge Scoles entered an order (Doc. No. 24) granting the request for additional time and establishing a deadline of August 19, 2016, for plaintiffs to respond to the pending motions. Doc. No. 24. Judge Scoles cautioned plaintiffs that ***"[no] further extensions will be granted***." *Id.* at 2 [emphasis in original].

One day before the new deadline, and notwithstanding Judge Scoles' admonition, plaintiffs filed another motion (Doc. No. 28) for an extension of time to hire counsel. By this time, this case had been proceeding on a pro se basis for nearly five months. Judge Scoles immediately denied the motion and reminded plaintiffs of the August 19, 2016, deadline. Doc. No. 29. Plaintiffs did not resist any of the dispositive motions.

On August 22, 2016, Judge Scoles filed a Report and Recommendation (R&R) in which he recommended that I grant all of the dispositive motions. Doc. No. 30. Plaintiffs filed no objections to the R&R. On September 26, 2016, I accepted the R&R without modification, thus dismissing the entire complaint with prejudice. Doc. No. 31. I noted that most, if not all, of plaintiffs' claims were frivolous and cautioned plaintiffs that "if they present frivolous claims to this court in the future, they will be ordered to appear in person and show cause as to why sanctions should not be imposed." *Id.* at 10. Judgment against plaintiffs was entered the same day. Doc. No. 32. Plaintiffs filed their motion to reconsider on October 11, 2016. Doc. No. 33.

## III. STANDARD OF REVIEW

District courts have broad discretion in determining whether to grant a motion to reconsider. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). The Eighth Circuit "review[s] a district court's denial of a motion for reconsideration for abuse of discretion." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015) (citing *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted)). "Motions for reconsideration cannot be used to introduce new evidence that could have been produced while the [ ] motion was pending." *Julianello*, 791 F.3d at 922 (quoting *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 992 n. 4 (8th Cir. 1998)).

## IV. DISCUSSION

In seeking reconsideration, plaintiffs contend that they were not served with copies of the various dispositive motions, or the R&R, and thus were denied the opportunity to resist the motions and object to the R&R. Doc. No. 33 at 1-2. For the reasons set forth below, I find this allegation to be false.

The Federal Rules of Civil Procedure require that all parties be served with any pleading, discovery paper and written motion. Fed. R. Civ. P. 5. Such a document may be served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Here, plaintiffs represented in their complaint that they reside at 2501 South Martha Street, Sioux City, Iowa 51106. Doc. No. 1 at 2. Defendants' dispositive motions indicated that each motion was served on plaintiffs by mail to that address. *See* Doc. No. 8, 9, 12 and 27.

On July 14, 2016, after all of the dispositive motions had been filed, plaintiffs filed a motion in which they asked the court "not to make any rulings on motions filed by defendants [sic] counsel until the plaintiffs have had the opportunity to have hired counsel to respond accordingly." Doc. No. 23 at 2. This request makes it clear that the plaintiffs were aware of the pending motions. Moreover, on July 21, 2016, Judge Scoles entered an order in which he noted that the defendants had "filed a combined three motions to dismiss and a motion for summary judgment." Doc. No. 24 at 1. This was the order in which Judge Scoles extended plaintiffs' resistance deadline to August 19, 2016, and warned plaintiffs that no further extensions would be granted. *Id.* at 2. The docket reflects that this order was mailed to plaintiffs at the South Martha Street address.

If plaintiffs, upon receipt of this order, were truly shocked to discover that dispositive motions were pending, it would have been a fine time for them to contact the court (and opposing counsel) to request copies. The record contains no evidence that they took such action. Instead, they eliminated any doubt as to whether they received Judge Scoles' order by filing another motion on August 18, 2016 – one day before the new deadline Judge Scoles had established. Doc. No. 28. In that motion, they acknowledged that the court had granted a 30-day extension and requested "an additional 60 days to hire Counsel." *Id.* at 1.

Judge Scoles entered an order (Doc. No. 29) denying the motion on the day it was filed and reminding plaintiffs of their August 19, 2016, deadline for resisting the pending dispositive motions. Again, the docket reflects that this order was mailed to plaintiffs at the South Martha Street address. On August 22, 2016, Judge Scoles then filed his report and recommendation (Doc. No. 30) concluding that all of the pending dispositive motions should be granted. At the conclusion of the R&R, Judge Scoles advised all parties that any objections were due within 14 days. Doc. No. 30 at 27. Once again, the docket reflects that the R&R was mailed to plaintiffs at the South Martha Street address.

As noted above, plaintiffs now claim that they did not receive copies of the various motions, or of the R&R. However, they have produced no *evidence* to support this claim. For example, plaintiffs have not submitted affidavits in which they swear, under oath, that they did not receive the documents at issue. Instead, their various exhibits address the alleged merits of the claims that have already been dismissed. *See* Doc. No. 33-1. Their convenient, post-judgment claim that they did not receive the motions, or the R&R, is nothing but a mere, unsupported allegation.

It is also a false allegation. As set forth above, the record reflects that each motion and order at issue was mailed to plaintiffs at the South Martha Street address. Moreover, plaintiffs' contemporaneous filings demonstrate that they knew of the pending motions and deadlines but chose to neither resist the motions nor file objections to the R&R. I find that the plaintiffs, having had their case dismissed, are now making misrepresentations to the court in an attempt to reinstate their claims. Their request for reconsideration based on an alleged lack of notice is denied.

To the extent plaintiffs seek reconsideration based on the alleged merits of their claims, that request is also denied. Plaintiffs had ample opportunity to present arguments in support of their claims and failed to do so. Moreover, both the R&R and my order granting the dispositive motions outlined numerous, alternative reasons as to why the plaintiffs were not entitled to relief.

Having determined that the motion for reconsideration is without merit, I find it unnecessary to address plaintiffs' other post-judgment motions (Doc. Nos. 40, 42). Those motions will be denied as moot because this case has been dismissed with prejudice and judgment has been entered against plaintiffs.

Finally, I must again caution plaintiffs that they are dangerously close to the point of facing sanctions for filing frivolous claims and motions. Despite the warning in my last order (Doc. No. 31 at 10), plaintiffs chose to file a new motion that includes the unsupported – and false – contention that they were not served with copies of various

filings.  While I will not impose sanctions at this time, I have no further patience for plaintiffs' false and frivolous assertions.  If they continue to file baseless motions or pleadings, I will order them to appear and show cause as to why they should not face sanctions.[2]

## V. CONCLUSION

For the reasons set forth herein:

1. Plaintiffs' motion to reconsider (Doc. No. 33) is **denied**.
2. Plaintiffs' motion to compel (Doc. No. 40) is **denied as moot**.
3. Plaintiffs' motion to unseal (Doc. No. 42) is **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 4th day of November, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE

---

[2] Of course, the defendants have the right to seek sanctions in accordance with Federal Rule of Civil Procedure 11(c)(2).  As of today, no such motions have been filed.